Nash, C. J.
 

 It is the order and rule of this Court, that, when both parties appeal from different orders or judgments in the same case, each appeal shall be separately docketed, in order to avoid conflicting judgments on the same record. On the trial of this case, two orders or judgments were pronounced by the Court, from both of which there were appeals. The first was considered in the preceding case, and the other is now to be reviewed.
 

 On the motion of the plaintiff, properly supported by affidavits, the Court had ordered a
 
 capias ad testificandum
 
 to issue to the sheriff of Cherokee county, against Tubal Huskins and Hannah Huskins, two recusant witnesses. The precept u^as served, and the witnesses conveyed by the sheriff to McDowell Superior Court, where the case was pending. The sheriff claimed the expenses he had incurred in carrying them to McDowell; the clerk, in taxing the costs', included these expenses, at the rate provided by the act of Assembly for carrying criminals to
 
 *538
 
 jail. The plaintiff was laid under a rule to show cause why this charge should not bo stricken out of the bill of costs, which being made absolute, the plaintiff appealed to this Court. Wo concur with his Honor in his opinion. The sheriff has no legal claim upon the plaintiff for these expenses, and therefore the plaintiff has no right to have them taxed against the defendant. It has before this, during this term, been decided that ail the costs in judicial proceedings are regulated in this State by statute; nor can any officer of the law charge any other or greater fees than are so allowed; if he docs, it is a misdemeantr in office. We have carefully looked through the acts of Assembly, and can find no warrant for this charge. The
 
 capias ad testificandum
 
 is a common law writ, and in force in th s State, but the Legislature has not made any allowance to the shot iff for obeying its commands, further than its execution and return. The officer must obey the precept at his peril; but, as the case now stands, ho does it mostly at his own expense. In the act of 1830, ch. 105, sec. 21, are enumerated all the different services to be rendered by the sheriff, and for which he is entitled to'charge afee, and the amount; among those is not to be found any compensation for conveying a witness to Court. The act provides for executing a
 
 capias ad satisfaciendum
 
 issuing from and returnable to a Court of record beyond the sheriff’s county, and carrying the defendant and confining him in the jail of such county, but makes no provision for carrying a witness under such circumstances. With a view to remove any doubt upon the question, the 21st section commences as follows: “ The several sheriffs shall receive the following fees, and no others.” It is clearly a
 
 casus omissus,
 
 originating doubtless in the fact that the writ of
 
 capias ad testificandum
 
 has been so rarely resorted to in practice in this State; but it is an o nission, however much to be regretted, which cannot be supplied by a Court of justice. There is no error in the judgment appealed from, which is affirmed at the cost of the plaintiff.
 

 PER Curiam. Judgment affirmed.